### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**TYRICE C. ADAMS**                                                  **PETITIONER**

**v.**                                       **CIVIL ACTION NO. 3:16-CV-P375-JHM**

**DANNY ALLEN**                                                  **RESPONDENT**

### <u>MEMORANDUM OPINION</u>

Petitioner Tyrice C. Adams filed a petition on a 28 U.S.C. § 2241 form.  The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.[1]  If so, the petition must be summarily dismissed.  *Id.*; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding a district court has the duty to "screen out" petitions that lack merit on their face).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because its claims are premature or are not cognizable in this action.

### <u>ALLEGATIONS</u>

Petitioner is incarcerated at the Hardin County Detention Center.  The petition refers to pretrial detention as well as a conviction in a state-court criminal court case, No. 15-CR-00625.  Petitioner also states, "I'm being retaliated against for filing a lawsuit against this institution, their taking 50% of my funds that's being sent to me by poverished family members.  I'm being maliciously-indirectly oppressed by the Fraternal Order."  He further states that it is cold in the

---

[1] Though this petition is brought under § 2241 rather than § 2254, the Court may apply the Rules Governing § 2254 Cases to any petition seeking habeas corpus relief.  *See* Rule 1(b), Rules Governing § 2254 Cases.  Thus, the Court may apply Rule 4 to this case.

"cells, they take our blankets and sheets at 7-7:30 am and don't return them until 11-11:30 pm. We get one phone call on the weekends limiting our communication to the outside."

In his first ground for relief, Petitioner refers to a civil action in this Court, No. 3:16-CV-92-CRS, and a state-court criminal court case, No. 15-CR-00625.  He cites to several Kentucky statutes and rules having to do with burden of proof and discovery.  He discusses a missing emergency room report and an impounded car.  He also refers to "exculpatory evidence . . . that was not presented into evidence on the behalf and ineffectiveness of my [public defender]."

In ground two, Plaintiff asserts that he is "eligible" for the courts to "uphold ground (2) on my behalf in Civil Action #'s 3:16-CV-90-CRS and 3:16-CV-00029-CRS[.]"

In ground three, Plaintiff states "K.R.S. 505.020 Prosecution for multiple offenses . . .  in case #15-cr-00625."  He further states that the "commission was a single cause of conduct that was uninterrupted and did not consist of an intent to commit the offense included."

His request for relief states:

Case #15-CR-00625 Hardin County Subpoena the trial motions and all court appearances in case #15-cr-00625, the 19 officers that were present for that day as stated by supervising officer, subpoena all dash and body cameras from every district and/or division present that night as stated by officers on the stand. Release from custody or to the home incarceration program in Jefferson County with job search and work release so I can provide for my family.  I also want the evidence in case #15-cr-00625 thoroughly inspected with a second opinion if necessary (the automobile at Gold City towing lot).  I fear the accelerator got stuck presiding with other mechanical issues in the occurrence of the alleged commission before impact.  It was never my intention to flee and evade police. Grant monetary relief in both civil action #'s 3:16-CV-00090-CRS and 3:16-CV-0020-CRS for punitive damages asked for in both civil actions.

## ANALYSIS

As explained below, none of the claims the petition raises  -- (1) conditions of confinement in prison, (2) two federal civil-rights actions previously brought in this Court, and (3) a state-court criminal case which is now on direct appeal -- is appropriate to bring in a § 2241

2

petition.  Additionally, although it is not clear what, if any, claims he is making regarding pending charges against him, any such claims would be premature.

*Civil-rights claims*

Petitioner's claims about retaliation and his living conditions in prison do not challenge the fact or duration of his confinement, and, therefore, he must pursue them as civil-rights claims under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Where, as here, a prisoner asserts conditions-of-confinement claims in a habeas corpus petition under § 2241, the appropriate course is to dismiss the petition to allow the prisoner to assert his claims in a civil-rights action.  *Martin v. Overton*, 391 F. 3d 710, 714-15 (6th Cir. 2004).

*Previously filed civil-rights actions in this Court*

Petitioner may not use his § 2241 petition in this case to make arguments about two other civil-rights actions he has filed in this Court.  In fact, both of those cases have been dismissed and are no longer pending.

*Claims related to state-court conviction*

The remainder of the claims in the petition concern Petitioner's state-court criminal conviction in No. 15-CR-00625.  According to the Kentucky Court of Appeals website, in Petitioner's state-court criminal case No. 15-CR-00625 a judgment was entered against Petitioner on June 22, 2016.  That case is now pending on direct appeal in the state appellate court (No. 2016-CA-001088).

Although Petitioner brings his habeas petition pursuant to § 2241, because he is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, his claims related to state-court case No. 15-CR-00625 are more properly characterized under § 2254.  *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).

3

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies.  28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam).  Any alleged constitutional deprivations must first be asserted through the state appellate process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*.  Here, it appears that this state-court conviction is currently on direct appeal.  Thus, Petitioner has not exhausted his available state remedies.[2]

### Pending criminal charges

To the extent that the petition refers to being in "pretrial detention," federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances."  *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (internal quotation marks and citation omitted).  The Court of Appeals for the Sixth Circuit has found that a federal court may consider a pretrial habeas corpus petition when the petitioner has exhausted his available state court remedies and seeks a speedy trial, *Atkins v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981), seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial,

---

[2] Normally, the Court would not recharacterize a document as a § 2254 petition without providing notice to a petitioner, giving him an opportunity to amend or withdraw the petition, and warning him of the restrictions on filing second or successive petitions.  *See Martin v. Overton*, 391 F.3d at 713.  However, because Petitioner's direct appeal of his state-court conviction is still pending, he has failed to exhaust available state-court remedies.  Thus, any § 2254 petition would be premature and would be dismissed.

*Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).  None of the aforementioned exceptions fits the present case.  Additionally, Petitioner has not alleged that he has exhausted his state-court remedies.  Accordingly, to the extent that Petitioner raises any claims related to his pretrial detention, his habeas corpus petition is premature.

In light of the foregoing, the Court will summarily dismiss the petition without prejudice because its claims are not cognizable in this action or are premature.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id*.  In such a case, no appeal is

warranted.  *Id*.  The Court is satisfied that no jurist of reason could find its procedural ruling to

be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:  December 15, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601

4414.009